# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| JONATHAN HAYES, | ) | |
| *Petitioner*, | ) ) ) | |
| v. | ) ) | Nos.: 3:09-cr-162-TAV-CCS |
| | ) | 3:14-cv-147-TAV-CCS |
| UNITED STATES OF AMERICA, | ) ) | |
| *Respondent*. | ) | |

## MEMORANDUM

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Jonathan Hayes (petitioner). For the reasons stated below, the motion will be **DENIED** as time-barred and this action will be **DISMISSED**.

Petitioner pleaded guilty to felon in possession of a firearm and possession of a stolen firearm. By judgment entered May 28, 2010, he was sentenced to concurrent terms of imprisonment of 66 months. He did not appeal his conviction or sentence.

Section 2255 provides for a one-year statute of limitation in which to file a motion to vacate sentence; the limitation period generally runs from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f). In the event a petitioner did not file a direct appeal, the statute of limitation commences when the time for filing a direct appeal has elapsed. *Sanchez-Castellano v. United States*, 358 F.3d 424 (6th Cir. 2004) ("[A]n unappealed federal criminal judgment becomes final ten days after it is entered, for purposes of the § 2255 statute of limitations, at least where there has been no

district court extension of appeal time for good cause or excusable neglect."). Accordingly, petitioner had until June 11, 2011, within which to file his § 2255 motion.[1]

Petitioner did not file his § 2255 motion until April 10, 2014, and thus the motion was untimely. For that reason, petitioner was given the opportunity to show cause why his § 2255 motion should not be barred by the one-year statute of limitation. *See Day v. McDonough*, 547 U.S. 198 (2006) (a district court may sua sponte dismiss a petition as time-barred after giving the petitioner fair notice and an opportunity to be heard).

Petitioner has failed to respond to the show cause order. Accordingly, the motion to vacate, set aside or correct sentence will be **DENIED** as time-barred and this action will be **DISMISSED**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure. A certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure. The Court will further **DENY** petitioner leave to proceed in forma pauperis on appeal.

    **AN APPROPRIATE ORDER WILL ENTER.**

                            s/ Thomas A. Varlan
                            CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Effective December 1, 2009, a defendant's notice of appeal must be filed within 14 days after entry of the judgment of conviction. Fed. R. Crim. App. 4(b)(1).